**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIEN HO** | : | |
| **Petitioner,** | : | **3:26-cv-1854** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| **JESSICA SAGE, Warden of FCI Lewisburg,** | : | |
| **Respondent.** | : | |

**MEMORANDUM OPINION**

## I. BACKGROUND

Petitioner Tien Ho ("Petitioner"), a citizen of Vietnam who entered the United States in 1993 as a refugee (Doc. 6 at 2), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the Middle District of Pennsylvania and names as Respondent Jessica Sage, Warden of FCI Lewisburg.

In the petition, Petitioner raises constitutional and statutory claims. Specifically, Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a)(6) because his detention has exceeded six months and his removal to Vietnam is significantly unlikely in the reasonably foreseeable future. (*Id.*, ¶¶ 14–25). Respondent Sage opposes the petition. (Doc. 6). For the reasons that follow, the Court will grant the petition.

Petitioner is a 45-year-old Vietnamese national who entered the United States as a refugee in 1993 and became a lawful permanent resident. (Doc. 2 at 2). Petitioner was convicted of Identity Fraud in March 2002 and received a sentence of six months imprisonment, and he was convicted of Possession of Cocaine in April 2003 and received a sentence of 3 years imprisonment. (Doc. 6-10 at 3). On May 19, 2004, immigration officials arrested Petitioner and issued a Notice to Appear[1] charging him as deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) for being convicted of two crimes involving moral turpitude as well as § 1227(a)(2)(B)(ii) for being a current drug abuser or addict.[2] (Doc. 6 at 3). Petitioner was arrested on January 11, 2005 and charged with Felony First Degree Murder, Felony Violent Crime – Handgun Violence, and Conspiracy to Commit First Degree Assault. (Doc. 6-7 at 5). On August 22, 2025, Petitioner pled guilty to the third count, Conspiracy to Commit First Degree Assault, for which he was sentenced to six years imprisonment, while the remaining counts were dismissed *nolle prosse*. (Doc. 6-5 at 2).

On July 1, 2010, an Immigration Judge ordered Petitioner removed to Vietnam. (Doc. 6-10 at 4). Petitioner waived his right to appeal (*id.*), and thus the removal order was

---

[1] Immigration officials appear to have initially arrested Petitioner pursuant to an unexecuted Notice to Appear, which was corrected and re-issued two days later on May 21, 2004. *Compare* Doc. 6-3 *with* Doc. 6-9.

[2] Petitioner was also convicted of two counts of assault in 1998, Trespassing on School Property in 1999, Concealment in 2001, and Trespassing and Contempt of Court in 2002 before being ordered removed. (Doc. 6-10 at 2–5). He was further convicted of Reckless Driving in 2016, Controlled Substance Possession in 2018, and DUI of Alcohol or Controlled Substance in 2024. The record further reflects several arrests for which charges were dismissed *nolle prosse*.

final on the day of entry. *See* 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final…[u]pon waiver of appeal by the respondent[.]"). On October 2, 2010, Petitioner was released on an Order of Supervision. (Doc. 6-10 at 4).

On February 26, 2026, Petitioner was arrested in Harrisburg, Pennsylvania and charged with Violating the Controlled Substance Drug Device and Cosmetic Act, Public Drunkenness, and Simple Trespass. The same day, ICE detained Petitioner while he was at Dauphin County Prison. On March 10, 2026, Petitioner pled guilty to Violating the Controlled Substance Drug Device and Cosmetic Act, and the other charges were withdrawn. Petitioner was initially taken to Moshannon Valley Processing Center on February 26, 2026, before he was transferred to FCI Lewisburg.[3] Accordingly, as of the date of this Memorandum, Petitioner has been detained by ICE for more than six months.

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention

[3] The record contains inconsistencies as to the date of Petitioner's transfer. Petitioner alleges he was transferred to FCI Lewisburg on March 10, 2026 (Doc. 1 at 2), while Respondent alleges Petitioner was transferred to FCI Lewisburg on April 29, 2026. (Doc. 6-10 at 5). While the timing of Petitioner's transfer is disputed, the Court accepts the declaration submitted by Respondent that Petitioner has been in ICE custody since at least February 26, 2026. (*Id.*).

is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

Given that Petitioner has filed his habeas petition *pro se*, the Court will carefully consider Petitioner's arguments and "liberally construe[]" the petition. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (explaining the Court's "[special] obligation to liberally construe a *pro se* litigant's pleadings is well-established"). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 244 (3d Cir. 2013).

## III. ANALYSIS

In the petition, Petitioner alleges that his detention has exceeded six months and his removal to Vietnam is significantly unlikely in the reasonably foreseeable future.[4] Respondent opposes the petition, claiming that the petition should be dismissed because the March 30, 2026, request to Vietnam for Petitioner's travel document remains pending and has not been denied. (Doc. 6 at 6). Respondent also purports that, because "a request for travel documents is pending with the Consul General of the Embassy of Vietnam[,] removal is significantly likely in the reasonably foreseeable future." (*Id.*).

**Section 1231(a) and *Zadvydas***

8 U.S.C. § 1231(a) "governs the detention, release, and removal of individuals ordered removed." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8

---

[4] Although not raised by either party, the Court has jurisdiction to consider the issues raised in the petition. *See Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement do not "arise from" removal proceedings and can be addressed by district courts); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (declining to interpret 8 U.S.C. § 1252(b)(9) in an "extreme way that would also make claims of prolonged detention effectively unreviewable"). Nor does 8 U.S.C. § 1252(g) bar this Court's jurisdiction because Petitioner is not asking this Court to stay the execution of his removal order. *Tazu v. Att'y Gen., United States*, 975 F.3d 292, 296-98 (3d Cir. 2020). Rather, Petitioner brings a detention specific claim seeking to remedy his alleged unlawful executive detention by asserting that his removal to Vietnam is not significantly likely in the reasonably foreseeable future and, as such, his detention is no longer authorized by 8 U.S.C. § 1231(a)(6). Moreover, Petitioner is not required to exhaust his administrative remedies. *See Jaleel v. Sage*, 2026 WL 1234846, at *2 (M.D. Pa. May 5, 2026) (exhaustion of administrative remedies "would be pointless" where petitioner "is detained under 8 U.S.C. § 1231, which precludes immigration judges from holding a bond hearing").

U.S.C. § 1231(a)(1)(A)). "The statute provides that the Government 'shall' detain noncitizens during the statutory removal period." *Arteaga-Martinez*, 596 U.S. at 578; *see also Guzman Chavez*, 594 U.S. at 528 ("During the removal period, detention is mandatory.")

"After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specific grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal." *Arteaga-Martinez*, 596 U.S. at 578-79 (citing 8 U.S.C. § 1231(a)(6)). "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Id.* at 579.

In *Zadvydas* the Supreme Court found that a statute "permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. To avoid those concerns, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also Clark v. Martinez*, 543 U.S. 371, 384 (2005) (clarifying *Zadvydas* and noting that the "the statute should be read (in line with the other plausible reading) to authorize detention *only for a period consistent with the purpose of effectuating removal*.") (emphasis added). Detention for up to six months after a final order of removal is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

The expiration of the six-month period "does not mean that every alien not removed must be released after six months." *Id.* Rather, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Accordingly, a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[5] *Id.* However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.

**Petitioner Satisfied His Burden**

Petitioner's presumptively reasonable six-month period of detention under Section 1231(a)(6) has run. *Zadvydas*, 533 U.S. at 701. He has been detained for over six months while the Government has attempted to effectuate his removal to Vietnam. As such, the Court finds that Petitioner's detention under 8 U.S.C. § 1231(a)(6) has become unreasonably prolonged.

The Court further finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. "Courts in the

---

[5] In addition, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Att'y Gen. United States.*, 495 Fed. App'x 274, 276-77 (3d Cir. 2012) (non-precedential).

Third Circuit have found that evidence of the process for producing travel documents from Vietnam for pre-1995 immigrants establishes good reason to believe that removal of a pre-1995 Vietnamese immigrant detained under 8 U.S.C. § 1231 is not reasonably foreseeable." *Nam Van Phan v. Warden*, 2026 WL 1080390, at *5 (M.D. Pa. Apr. 21, 2026) (collecting cases).

Here, Petitioner submits two declarations in support of his argument that his removal to Vietnam is significantly unlikely in the reasonably foreseeable future. (Docs. 7-1, 7-2). The Court has relied on these two declarations in other habeas cases to find that the petitioner demonstrated that his removal to Vietnam is significantly unlikely in the reasonably foreseeable future. *Nguyen v. Sage*, 2026 WL 1348513, at *4-6 (M.D. Pa. May 14, 2026). "Mr. Nguyen's and Dr. Ha's declarations make clear that the diplomatic process for repatriating a pre-1995 Vietnamese" immigrant like Petitioner "is highly individualized" and "the fact-specific vetting processing process takes a significant amount of time." *Id.* at *6. "Requesting travel documents from Vietnam for a pre-1995 Vietnamese refugee does not mean they will be issued, and sometime the Vietnamese Embassy constructively denies repatriation by simply not responding to ICE's request for travel documents." *Id.* Moreover, although the 2020 Memorandum of Understanding between Vietnam and the United States "provides that Vietnam will generally issue a travel document within 30 days of receipt" in his declaration Mr. Nguyen attests he has yet to see Vietnam issue a travel within 30 days or less. *Id.* Accordingly, the Court finds that Petitioner has provided good reasons to

believe his removal to Vietnam is significantly unlikely in the reasonably foreseeable future. The burden now shifts to Respondent.

**Respondent Fails to Rebut Petitioner's Showing**.

Having met his initial burden, the burden shifts to the Respondent to rebut Petitioner's showing that his removal to Vietnam is significantly unlikely in the reasonably foreseeable future. Respondent submitted the declaration of Timothy M. Coughlin under penalty of perjury and in accordance with 28 U.S.C. § 1746. Mr. Coughlin is a Deportation Officer for ICE, Enforcement and Removal Operations ("ERO"), and is "assigned to the ERO detained docket" at FCI Lewisburg. (Doc.6-10, ¶ 1). After recounting Petitioner's criminal and immigration history, Mr. Coughlin states that ICE sent a request for travel documents to the Vietnamese embassy on March 30, 2026. (*Id.*, ¶ 31). Mr. Coughlin also states that he was informed that for Fiscal Year 2025 "there were 699 people removed to Vietnam, including 327 which were pre-1995 entries" and that, to date, no travel document request has been denied. (*Id.*, ¶ 35). To date, however, Vietnam has not issued travel documents for Petitioner.

The conclusory statements contained in Mr. Coughlin's declaration do not suffice to satisfy the Respondent's burden. There is no credible evidence that Petitioner's removal to Vietnam is significantly likely in the reasonably foreseeable future. Although Respondent has provided the Court with general statistics regarding the repatriation of pre-1995 Vietnamese immigrants like Petitioner, these statistics say nothing about the likelihood of

*the Petitioner's* removal to Vietnam in the reasonably foreseeable future. "General repatriation statistics that [a Deportation Officer] was informed of by HQ-RIO, without further context, are insufficient to rebut a showing that Petitioner's removal to Vietnam is significantly unlikely in the reasonably foreseeable future." *Nguyen*, 2026 WL 1348513, at *7. Courts in this district have also found that the Government failed to satisfy its *Zadvydas* burden when it relies on vague and general assertions of the mere possibility of repatriation, without including any information specific to the petitioner, or when there is no evidence that the petitioner's travel documents were issued by his native country or even sent by ICE. *See, e.g.*, *Yang Li v. Warden*, 2026 WL 1266248, at *6 (M.D. Pa. May 8, 2026) (government failed to satisfy *Zadvydas* burden when it "provides no indication that the application has been sent to China or when the application will be approved"); *Nam Van Phan*, 2026 WL 1080390, at *5 ("Courts in the Third Circuit have also found that assertions from the government of a remote possibility of eventual removal is not sufficient evidence to rebut that showing.") (collecting cases).

Nor does Respondent attempt to explain why efforts to remove Petitioner from the United States for the past sixteen years have been unsuccessful. *See Thach v. English*, 2026 WL 1109344, at *2 (N.D. Ind. Apr. 26, 2026) (granting petition where government failed to rebut showing that petitioner's removal was unlikely in the reasonably foreseeable future and the respondent "does not explain why efforts to remove Thach to Vietnam will be successful now when they were unsuccessful in 2012"). Because Respondent fails to rebut

Petitioner's showing that his removal to Vietnam is significantly unlikely in the reasonably foreseeable future, the Court will grant Petitioner's habeas petition. Petitioner's detention under 8 U.S.C. § 1231(a)(6) has exceeded six months consecutively and is beyond the period "reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 533 U.S. at 689.

**Habeas Remedy**

As a remedy, Petitioner seeks his immediate release from custody. A noncitizen with a final order of removal may be released from custody but that release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Zadvydas*, 533 U.S. at 700. The Court will order Respondent to release Petitioner from custody within 48 hours and to restore the conditions of his prior Order of Supervision.[6] *See Nam Van Phan v. Warden*, 2026 WL 1080390, at *6 (granting petition and ordering release from custody and restoration of "the conditions of his prior supervisory release"); *see also Wazir v. Att'y Gen. U.S.*, 2026 WL 1122610, at *4 (M.D. Pa. Apr. 24, 2026) (ordering release and finding that petitioner "shall be subject to the terms of supervision in 8 U.S.C. § 1231(a)(3) and attendant regulations").

---

[6] To the extent Respondent seeks to impose additional conditions on Petitioner's Order of Supervision, such as an ankle monitor, nothing in this memorandum opinion and order precludes the Government from doing so.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge